54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harold ROTHSTEIN, Defendant-Appellant.
 No. 94-2632.
 United States Court of Appeals, Seventh Circuit.
 Argued April 19, 1995.
Decided May 11, 1995.
 
 1
 Before RICHARD A. POSNER, Chief Judge, JOEL A. FLAUM, Circuit Judge, and JOHN C. SHABAZ, District Judge*
 
 ORDER
 PROCEDURAL HISTORY
 
 2
 On June 14, 1988 defendant Harold Rothstein was sentenced in Case 87-CR-810 in the United States District Court for the Northern District of Illinois after pleading guilty to one count of wire fraud and one count of credit card fraud. Rothstein was sentenced to five years in prison on Count II and 5 years probation consecutive to the prison term on Count I. On June 22, 1994 Rothstein was sentenced by the Honorable Brian Barnett Duff, United States District Judge, to 54 months in prison for probation violation in this case. Rothstein appeals from this sentence.
 
 FACTS
 
 3
 In January 1993 defendant Harold Rothstein was serving parole on a sentence he received in the United States District Court for the District of Colorado, Case No. 84-CR-234, and parole and probation on the sentence he received in the United States District Court for the Northern District of Illinois, Case No. 87-CR-810. On June 8, 1993 a probation violator warrant was issued for Rothstein in the Illinois case and executed on June 16, 1993.
 
 
 4
 On July 20, 1993 Judge Duff held a probation revocation hearing for defendant Rothstein in Case No. 87-CR-810 and found that he had violated his probation. The judge postponed sentencing on said violation until the U.S. Parole Commission had reviewed defendant's alleged parole violation and ordered that defendant be served with the outstanding U.S. Parole Commission warrant. Rothstein received an 18 month sentence for parole violation in Case No. 84-C-234-S on August 10, 1993 and was granted credit toward that sentence for the time he had served in presentence detention since June 15, 1993.
 
 
 5
 On June 22, 1994 Rothstein was sentenced by Judge Duff to 54 months in prison consecutive to his parole violator sentence. On July 12, 1994 the judge entered the following order:
 
 
 6
 ACCORDINGLY, IT IS ORDERED that the defendant is hereby committed to the custody of the Bureau of Prisons for imprisonment for a term of 54 months on Count 1 of the Superseding Information, which sentence shall run consecutive to the sentence imposed by the Parole Commission.
 
 
 7
 Judge Duff also stated in the body of the order as follows:
 
 
 8
 In addition, as way of guidance for the Parole Commission, assuming that no new facts arise and the defendant conducts himself in a lawful and appropriate manner, this Court noted during the sentencing proceeding that it was the Court's intention that the defendant serve a total of approximately 30 months in custody for the probation violation, which time should be served consecutive to the time served for the Parole violation. In addition this Court noted that it was not the Court's intention that the defendant should be given credit for time served in custody, beginning in June of 1993, and continuing through the present date.
 
 MEMORANDUM
 
 9
 Defendant seeks to have his sentence reversed and his presentence detention credited to his probation violation sentence. The government argues that the appeal should be dismissed for lack of jurisdiction because defendant has failed to exhaust his administrative remedies concerning his presentence detention credit.
 
 
 10
 The District Court does not have the authority to determine whether defendant will receive credit for time served in presentence custody according to 18 U.S.C. Sec. 3568. This statute applies in this case although it was repealed in 1987 and replaced by 18 U.S.C. Sec. 3585. The Attorney General has the authority to compute credit under 18 U.S.C. Sec. 3585(b) as it did under the former 18 U.S.C. Sec. 3568.
 
 
 11
 In United States v. Wilson, 112 S.Ct. 1351, 1354 (1992), the United States Supreme Court stated as follows:
 
 
 12
 We can imagine no reason why Congress would desire the presentence detention credit, which determines how much time an offender spends in prison, to depend on the timing of his sentencing. For these reasons, we conclude that Sec. 3585(b) does not authorize a district court to compute the credit at sentencing.
 
 
 13
 Since the district court does not have the authority to grant or deny the defendant credit for presentence detention, the language of the court's sentencing order is not binding on the Attorney General. In the body of the order Judge Duff stated: "In addition this Court noted that it was not the Court's intention that the defendant should be given credit for time served in custody, beginning in June of 1993 and continuing through the present date." It is not clear on its face whether this language is a recommendation or an order. The Court need not reach this issue, however, because the decision whether to deny or grant presentence detention credit does not rest with the district court.
 
 
 14
 A defendant must seek credit from the Attorney General for presentence detention credit by exhausting his administrative remedies with the Bureau of Prisons. 28 C.F.R. Sec. 0.96. The district court has jurisdiction only to review the Attorney General's decision pursuant to 28 U.S.C. Sec. 2241. United States v. Koller, 956 F. 2d 1408, 1417 (7th Cir. 1992).
 
 
 15
 Rothstein is required to request credit for presentence detention from the Attorney General and has failed to make this request. This Court lacks jurisdiction to address his request for credit for presentence detention because he has failed to exhaust his administrative remedies. United States v. Hornick, 815 F. 2d 1156, 1160 (7th Cir. 1987). Accordingly, defendant's appeal will be dismissed for lack of jurisdiction.
 
 
 
 *
 The Honorable John C. Shabaz, of the Western District of Wisconsin, is sitting by designation